FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 17 2016 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
FIRESTONE FINANCIAL, LLC,

                     Plaintiff,

-against-

BENEDICT MARTINEZ, III,

                     Defendant.
------------------------------------------------------X

ORDER

CV 16-0932
(Wexler, J.)

WEXLER, District Judge:

In this diversity action, plaintiff Firestone Financial, LLC seeks to recover damages upon the breach of contract of defendant Benedict Martinez, III. Currently before the Court is plaintiff's motion for default judgment. Docket Entry [12]. Defendant has not responded to the motion despite it having been served upon him.

Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also* FED. R. CIV. P. 8(b)(6) ("An allegation-other than one relating to the amount of damages-is admitted if a responsive pleading is required and the allegation is not denied"). A court must determine whether a plaintiff's allegations establish a defendant's liability as a matter of law. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). After determining liability, the court must ascertain damages with "reasonable certainty." *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.1999). No evidentiary hearing is required so long as there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).

Upon review of the complaint in this case, the Court finds that it sufficiently states plaintiff's claims and thus liability is established. As to damages, the materials submitted in support of the motion demonstrate plaintiff's entitlement to judgment in the liquidated amount of $213,946.52, plus contractual interest and fees.

Plaintiff also seeks "Repossession Expenses" in the amount of $5,940.04. Although it is contractually entitled to recover such expenses, it has not provided any documentation in support of this amount and thus it cannot be awarded.

Finally, plaintiff seeks reasonable attorneys' fees and costs as provided for in the parties' agreements. The Court has reviewed plaintiff's submissions and approves the amounts sought with one exception. An amount of $2,850 for legal fees and court filing fees is duplicated, appearing in the billing records of both plaintiff's national and local counsel, and the award of attorneys' fees and costs will be reduced accordingly.

Plaintiff's motion is granted, and judgment will be entered in the following amounts:

- Liquidated damages in the amount of $213,946.52;

- Interest in the amount of $24,364.14 through April 22, 2016, plus additional interest at the rate of 18% compounded monthly through entry of judgment;

- Fees in the amount of $8,450.75; and

- Attorneys' fees in the amount of $23,620.00 and costs in the amount of $2,907.77.

Plaintiff is directed to electronically file a revised proposed judgment consistent with this Order. The revised proposed judgment should also include the complete vehicle identification numbers of the collateral as listed in the attachments to the complaint.

SO ORDERED.

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       August 17, 2016